**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| CARL BLACKMAN, | : | |
| | : | Civil Action No. 15-7979 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DILLON ZEITZOFF, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WIGENTON**, District Judge:

Currently before the Court is the complaint of Plaintiff, Carl Blackman.   (ECF No. 1).   Also before this Court is Plaintiff's application to proceed *in forma pauperis*.   (Document 1 attached to ECF No. 1).   As this Court finds that leave to proceed *in forma pauperis* is authorized, *see* 28 U.S.C. § 1915(a)(1)-(2), this Court will grant Plaintiff's application.   As this Court is granting Plaintiff *in forma pauperis* status, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.   Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune.   For the reasons set forth below, this Court will dismiss Plaintiff's complaint.

## I.  BACKGROUND

Plaintiff, Carl Blackman, is a state pre-trial detainee currently incarcerated in the Union County Jail.   (ECF No. 1 at 2).   On March 3, 2014, Plaintiff was indicted on a number of charges, including a robbery charge.   (*Id.* at 3).   Plaintiff thereafter pled guilty to at least some of the

charges, but alleges that he did so "without knowledge of the charges." (*Id.*).   Plaintiff thereafter filed a motion to withdraw his guilty plea in August 2014. (*Id.*).   Plaintiff has remained incarcerated since and has yet to receive a hearing on the motion to withdraw. (*Id.*).   Plaintiff now brings his instant complaint claiming that his continued detention without having yet received a hearing on his motion to withdraw his guilty plea violates his Due Process rights.[1] (*Id.*). Plaintiff also alleges that he was "overcharged" because the prosecution would not be able to prove robbery should his criminal matter be permitted to proceed to trial. (*Id.*).   Plaintiff names only two Defendants: Acting Union County Assistant Prosecutor Dillon Zeitzoff, the prosecutor allegedly responsible for Plaintiff's case, and Acting Union County Prosecutor Grace H. Park, who Plaintiff alleges is liable for "allowing" Zeitzoff to violate Plaintiff's rights. (*Id.* at 3-4).

## II.   DISCUSSION

### A.   Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

---

[1]  Plaintiff also asserts that this is a "Brandy violation."   This Court presumes Plaintiff is attempting to refer to *Brady v. Maryland*, 373 U.S. 83 (1963), but Plaintiff has not pled any facts which suggest that any exculpatory evidence has been withheld from him.

§§1915(e)(2)(B) and 1915A because Plaintiff is a state prisoner who has been granted *in forma pauperis* status and who raises claims against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."   *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B.   Analysis**

Plaintiff seeks to make claims against Defendants for alleged violations of his Fourteenth Amendment Due Process rights pursuant to 42 U.S.C. § 1983.   "To establish a claim under 42

---

[2]     "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]").   "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). This Court construes Plaintiff's complaint as alleging that the two Defendants, an acting assistant prosecutor and his supervisor, the Acting Union County Prosecutor, violated Plaintiff's Due Process rights by delaying a hearing on his motion to withdraw his plea and by overcharging him.

Defendants, however, are immune.   "Prosecutors . . . are immune from suit under § 1983 when 'act[ing] within the scope of [their] duties in initiating and pursuing a criminal prosecution.'" *LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)).   Prosecutorial immunity in this context applies not only to the conduct of the criminal prosecution itself but also protects prosecutors from claims arising out of "activities in connection with preparing and filing charging documents, such as the information and arrest warrant," *Id.* (citing *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)). Indeed, Prosecutorial immunity under § 1983 extends even to the use of "false testimony and [the] suppression of evidence favorable to the defense."   *See Johnson v. Passaic Cnty.*, Civil Action No. 13-4363, 2015 WL 2400763, at *4 (D.N.J. May 19, 2015).

4

Here, Plaintiff claims that Defendants, in their capacities as prosecutors, violated his rights in the course of charging and prosecuting him.   Clearly, both charging a criminal defendant and opposing a motion to withdraw a guilty plea fall within the scope of a prosecutor's duties and are directly related to initiating and pursuing a criminal prosecution.   As such, both Defendants are immune from suit for the claims Plaintiff seeks to bring, and as such Plaintiff's claims against them must be dismissed.[3]

While Plaintiff's complaint has several additional faults, this Court will comment only on two of them.   First, to the extent that Plaintiff seeks his immediate release, that relief would only be available through a petition for a writ of habeas corpus, and a § 1983 suit such as this is an improper mechanism for seeking such relief.   *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), [and] no matter the target of the prisoner's suit[,] *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration").   Second, to the extent that Plaintiff seeks to have this Court intrude into his ongoing state criminal prosecution, this Court would be required to abstain from doing so under the *Younger* doctrine.   *See Sprint Commc'ns, Inc. v. Jacobs*, --- U.S. ---, ---, 134 S. Ct. 584, 590-91 (2013) (*Younger* abstention doctrine "preclude[s] federal intrusion into ongoing state criminal prosecutions).   As such, even were Defendants not immune from suit, this Court would be unable to afford Plaintiff the relief he seeks.

---

[3]  Because Plaintiff only pleads a claim against the Acting Union County Prosecutor based on *respondeat superior* liability, his claim against Grace H. Park would likewise have to be dismissed as *respondeat superior* liability is unavailable under § 1983.   *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 675-77.

**III. CONCLUSION**

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and his complaint shall be DISMISSED WITH PREJUDICE.   An Appropriate order follows.

November 12, 2015                                   _s/ Susan D. Wigenton_
                                                    Hon. Susan D. Wigenton,
                                                    United States District Judge